1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
7 West Figueroa Street, Suite 300
PMB # 300059
Santa Barbara, CA 93101
Tel: (310) 598-3690
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (*pro hac vice* forthcoming)
Jason S. Cowart (*pro hac vice* forthcoming)
Devon Galloway (*pro hac vice* forthcoming)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com
dgalloway@zuckerman.com

ZUCKERMAN SPAEDER LLP
Caroline E. Reynolds (*pro hac vice* forthcoming)
1800 M St., NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
creynolds@zuckerman.com

*Attorneys for Plaintiffs*
*(Additional counsel on signature page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BARBARA BEACH, on her own behalf and on behalf of her minor daughter and all others similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:21-cv-08612-TSH<br><br>**PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY AND TO SEAL OR REDACT PERSONALLY IDENTIFYING INFORMATION**<br><br>Hearing Date:  December 16, 2021<br>Hearing Time:  10:00 a.m.<br>Judge:  Thomas S. Hixson<br>Courtroom:  G<br>Action Filed:  November 4, 2021 |

1
2

**NOTICE OF MOTION TO PROCEED ANONYMOUSLY AND TO SEAL OR REDACT PERSONALLY IDENTIFYING INFORMATION**

3

4

5

6

7

PLEASE TAKE NOTICE that on December 16, 2021 at 10:00 a.m., or as soon thereafter as this matter may be heard, Plaintiffs John Doe, John Loe, John Poe, John Roe, and John Zoe will move this Court for permission to proceed anonymously and to seal or redact personally identifying information. The specific relief requested will be provided in an enclosed proposed order.

8

**ISSUES TO BE DECIDED**

9

10

11

12

Whether Plaintiffs John Doe, John Loe, John Poe, John Roe, and John Zoe ("Pseudonym Plaintiffs") have shown good cause for an order allowing them to: 1) proceed in this action anonymously; and 2) file under seal or to redact any court filings bearing personally identifying information about them or their sons.

13

**MEMORANDUM OF POINTS AND AUTHORITIES**

14

**I.      BACKGROUND**

15

16

17

18

19

20

21

22

23

The Named Plaintiffs bring claims against United Behavioral Health ("UBH") under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA") on two bases. Compl. ¶¶ 2-3. First, Plaintiffs allege that the 2018 and 2019 editions of UBH's Level of Care Guidelines—which UBH used to determine whether residential mental health or substance use disorder treatment was medically necessary—violate Plaintiffs' plan terms. Compl. ¶ 2. This is because even though Plaintiffs' plans require, as one prerequisite for coverage, that services be consistent with generally accepted standards of care, UBH's Level of Care Guidelines are far more restrictive than those generally accepted standards. *Id.*

24

25

26

27

28

Second, Plaintiffs challenge UBH's denials of their coverage requests pursuant to UBH's "Facility Based Behavioral Health Program Reimbursement Policy." Compl. ¶ 3. Under that policy, UBH insists that treatment facilities submit requests for reimbursement on a bundled basis, aggregating all services provided in a day into a single per diem charge. *Id.* When UBH denies requests for coverage of facility-based

1  treatment for lack of medical necessity, UBH denies coverage for all services within

2  the bundled daily charge, even though some services within the bundle are specifically

3  listed as covered services under Plaintiffs' plans. *Id*. UBH denies coverage for all the

4  component services even when it asserts, in denying the request for coverage, that

5  services at a lower level of care than requested are appropriate for the plan member.

6  Compl. ¶¶ 58-63.

7      In addition to bringing claims on behalf of two putative classes, the Named

8  Plaintiffs bring their claims as follows: Plaintiff Barbara Beach brings claims on her

9  own behalf and on behalf of her minor daughter. Compl. ¶ 4. Plaintiff John Doe, an

10  adult, brings claims on his own behalf. Compl. ¶ 5. Plaintiff John Loe brings claims

11  on his own behalf and on behalf of his minor son. Compl. ¶ 6. Plaintiff John Poe, an

12  adult, brings claims on his own behalf by and through his agent, Jane Poe, who is

13  John Poe's mother. Compl. ¶ 7. Plaintiff John Roe, an adult, brings claims on his own

14  behalf by and through his agent, Mark Roe, who is John Roe's father. Compl. ¶ 8.

15  Plaintiff John Zoe, an adult, brings claims on his own behalf by and through his agent,

16  Mark Zoe, who is John Zoe's father. Compl. ¶ 9. Because the Pseudonym Plaintiffs will

17  make their identities known to UBH, the Pseudonym Plaintiffs make a limited

18  request: simply that their and their sons' names and personally identifying

19  information be shielded from public disclosure.

20      There is good cause to grant such relief. This lawsuit implicates highly sensitive

21  information, including confidential personal health information relating to mental

22  health conditions and substance use disorders. Moreover, some of the Pseudonym

23  Plaintiffs are concerned that if their identifying information is disclosed to the public,

24  it will affect their professional reputations and employment.

25  **II.    LEGAL STANDARD**

26      A party may proceed anonymously "when special circumstances justify secrecy."

27  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The

28  Ninth Circuit has noted that courts allow parties to proceed under a pseudonym "to

1    protect a person from harassment, injury, ridicule or personal embarrassment,"

2    including in situations when anonymity is necessary to maintain privacy in sensitive

3    and highly personal issues. *Id.* at 1068. When considering whether a party may

4    proceed anonymously, Ninth Circuit courts consider whether "the party's need for

5    anonymity outweighs prejudice to the opposing party and the public's interest in

6    knowing the party's identity." *Id.*

7    **III.    ARGUMENT**

8         As discussed below, this case is a "special circumstance" where the Pseudonym

9    Plaintiffs' strong need for anonymity clearly outweighs the public's interest in

10   knowing their identities. Moreover, the Pseudonym Plaintiffs will inform UBH of their

11   and their sons' identities, and thus, UBH will not be prejudiced by the Pseudonym

12   Plaintiffs proceeding anonymously.

13         **A. The Pseudonym Plaintiffs Have A Strong Need For Anonymity.**

14        The Class Action Complaint contains highly sensitive personal mental health

15   information related to severe mental illnesses, substance abuse disorders, and the

16   treatment received for those illnesses and disorders. Specifically, the Complaint

17   details: 1) Plaintiff Doe's residential treatment for his severe alcohol use disorder;

18   2) Plaintiff Loe's son's residential treatment for his attention deficit hyperactivity

19   disorder, generalized anxiety disorder, and mood disorder; 3) Plaintiff Poe's residential

20   treatment for his chronic depression and anxiety with substance abuse; 4) Plaintiff

21   Roe's residential treatment for his substance abuse, depression, and anxiety; and

22   5) Plaintiff Zoe's residential treatment for his posttraumatic stress disorder. Compl.

23   ¶¶ 87, 102, 115, 129, 142. This sensitive personal health information is central to the

24   case and demonstrates why the Pseudonym Plaintiffs have a strong need to proceed

25   anonymously. *See B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656-BLF, 2020

26   WL 4368214, at *10 (N.D. Cal. July 30, 2020).

27        Moreover, as adults suffering from severe mental health and substance abuse

28   disorders, Plaintiffs Doe, Poe, Roe, and Zoe are particularly vulnerable to social stigma

1    and possible damage to their reputations and employment. The sad reality is that

2    individuals with mental illness continue to suffer from social stigma and

3    discrimination. Prof. Graham Thornicroft, Ph.D., et al., *Evidence for Effective*

4    *Interventions to Reduce Mental-Health-Related Stigma and Discrimination*, 387 THE

5    LANCET 1123-32 (2016). The same applies to Plaintiff Loe, whose son may face social

6    stigma related to his mental illnesses if his or his father's personal identifying

7    information is released to the public.

8        This Court has recognized the effect social stigmas may have on a party, as it

9    has cited social stigmatization as a reason to allow a party to proceed anonymously.

10   *See Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (identifying social stigma from

11   mental illness as a strong interest in proceeding anonymously). *See also Roe v. United*

12   *States*, No. 1:19-cv-00270-DAD-BAM, 2020 WL 869153, at \*2 (E.D. Cal. Feb. 20, 2020)

13   (citing social stigma stemming from plaintiffs' prior mental health evaluations as a

14   reason to proceed anonymously); *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d

15   990, 994 (N.D. Cal. 2015) (granting pseudonym motion and noting "social

16   stigmatization" as "among the 'most compelling' reasons for permitting anonymity");

17   *Doe v. Penzato*, No. CV10–5154 MEJ, 2011 WL 1833007, at \*4 (N.D. Cal. May 13, 2011)

18   (allowing a plaintiff to proceed anonymously where "the attention that may result

19   from making [the plaintiff's] name public in connection with this lawsuit would make

20   her trauma worse"). For these same reasons, the Pseudonym Plaintiffs have a strong

21   need to proceed anonymously.

22   **B. The Public's Interest In Knowing The Pseudonym Plaintiffs'
     Identities Is Outweighed By The Pseudonym Plaintiffs' Privacy**

23   **Interests.**

24       When considering whether a party should proceed anonymously, the Court

25   must consider the public's interest in knowing the party's identity. *Advanced Textile*

26

27

28

PLS.' MOT. TO PROCEED ANONYMOUSLY
                                                           CASE NO. 3:21-cv-08612-TSH

1   *Corp.*, 214 F.3d 1058, 1067. There are at least two reasons why the Pseudonym

2   Plaintiffs' privacy interests outweigh the public's interest in knowing their identities.

3   First, the nature of this case makes the public's interest in knowing the

4   Pseudonym Plaintiffs' identities far less pronounced than in typical cases. The Named

5   Plaintiffs bring this case as a putative class action, and thus, most (if not all) of the

6   absent class members' identities will never be disclosed to the public. Furthermore,

7   the legal issues in this case center on UBH's policies and practices and whether those

8   policies and practices comply with ERISA. Compl. ¶¶ 24-63. Because the "issues

9   raised are purely legal and do not depend on identifying the specific plaintiffs," having

10   the Pseudonym Plaintiffs proceed anonymously will not hinder the values protected

11   by open judicial proceedings. *Doe v. State of Alaska*, 122 F.3d 1070, 1070 (9th Cir.

12   1997). *See also Advanced Textile Corp.*, 214 F.3d at 1072 n.15; *Balance Studio, Inc. v.

13   Cybernet Entm't, LLC*, 204 F. Supp. 3d 1098, 1102 (N.D. Cal. 2016) (granting

14   pseudonym motion because there was nothing critical about the plaintiff's identity so

15   that it had to be revealed); *Doe v. Lee*, No. C 13–04029 LB, 2014 WL 630936, at *3

16   (N.D. Cal. Feb. 18, 2014) (granting pseudonym motion because the public will still

17   have access "to the legal issues and the court's resolution of those issues").

18   Second, allowing the Pseudonym Plaintiffs to proceed anonymously in this

19   statutory action will further the public's interest. Lawsuits enforcing statutory rights

20   are a benefit to the public, and the public has an interest in seeing those cases decided

21   on the merits. *Advanced Textile Corp.*, 214 F.3d at 1073. Because "forcing plaintiffs to

22   disclose their identity would likely chill their willingness to challenge statutory and

23   constitutional violations," granting anonymity in statutory cases such as this one

24   allows the case to proceed on the merits, and it serves the public's interest in holding

25

26

27

28

PLS.' MOT. TO PROCEED ANONYMOUSLY
                                                CASE NO. 3:21-cv-08612-TSH

1  UBH accountable for its ERISA violations. *A.B.T. v. U.S. Citizenship & Immigr.*

2  *Servs.*, No. 2:11-cv-02108 RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012).

3  **C. Proceeding Anonymously Will Not Cause Any Prejudice to UBH.**

4  Finally, if the Pseudonym Plaintiffs proceed anonymously, it will not cause any

5  prejudice to UBH. The Pseudonym Plaintiffs will voluntarily disclose their and their

6  sons' identities to UBH, and they have not discussed this case publicly. *See Doe v.*

7  *Barr*, No. 20-cv-02917-JSC, 2020 WL 2733928, at *1 (N.D. Cal. May 26, 2020) (finding

8  no good cause for anonymity when the movant disclosed his identity in another court

9  filing). Moreover, the Pseudonym Plaintiffs will fully cooperate in discovery, and they

10  seek only to prevent their and their sons' identifying information from being disclosed

11  on the public record. Because UBH will know the true identities of the Pseudonym

12  Plaintiffs and their sons, it will have the full ability to defend itself in this litigation.

13  *See SFBSC Mgm't, LLC*, 77 F. Supp. 3d at 995 ("[W]hatever knowledge defendants

14  have of plaintiffs' identities . . . lessens their claims to be prejudiced by the use of

15  pseudonyms.") (quoting *Advanced Textile Corp.*, 214 F.3d at 1069 n.11).

16  **IV.  CONCLUSION**

17  For the reasons stated previously, the Pseudonym Plaintiffs request that the

18  Court: 1) grant their motion; 2) allow them to proceed anonymously under the

19  pseudonyms John Doe, John Loe, John Poe, John Roe, and John Zoe; and 3) allow the

20  Pseudonym Plaintiffs to file under seal or to redact any court filings bearing

21  personally identifying information about them or their sons. *See Doe v. Pence*, No.

22  1:16-cv-02431-JMS-DML, 2016 WL 11578507, at *2 (S.D. Ind. Nov. 22, 2016) (granting

23  similar relief).

24

25

26

27

28

PLS.' MOT. TO PROCEED ANONYMOUSLY
CASE NO. 3:21-cv-08612-TSH

| | |
|---|---|
| 1 | Dated: November 9, 2021 |

**PSYCH-APPEAL, INC.**

/s/ *Meiram Bendat*
Meiram Bendat (Cal. Bar No. 198884)

**ZUCKERMAN SPAEDER LLP**
D. Brian Hufford*
Jason S. Cowart*
Caroline E. Reynolds*
Devon Galloway*
Samantha M. Gerencir*

*Counsel for Plaintiffs*
*\* Pro hac vice forthcoming*