UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARBARA BEACH, et al.,
    Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH,
    Defendant.

Case No. 21-cv-08612-RS

**ORDER GRANTING STAY**

*Wit v. United Behavioral Health*, 2022 WL 850647 (9th Cir. Mar. 22, 2022), *Tomlinson v. United Behavioral Health*, No. 3:19-cv-6999-RS, and this action all involve challenges to the clinical guidelines that United Behavioral Health used to determine medical necessity under its benefit plans. In *Wit*, the Ninth Circuit has issued a decision that, if it stands, may foreclose all of plaintiffs' claims in *Tomlinson* and at least a substantial portion of plaintiffs' claims here. Briefing on the *Wit* plaintiffs' petition for rehearing *en banc* is underway at the Ninth Circuit. By a stipulated order, a previously imposed stay of proceedings in *Tomlinson* has been extended through the time a mandate issues in *Wit*.

Plaintiffs in all three actions are represented by the same counsel. Plaintiffs are unwilling to stipulate to a stay here, however, because they contend this action includes an additional claim—the so-called "bundling claim"—that they insist will not be affected by the ultimate result in *Wit*, whatever that may turn out to be. Although plaintiffs have framed the bundling claim as a *subclass* to a main class that is substantially identical to the *Wit* and *Tomlinson* classes, they argue

it can survive independently even if the main class fails.

Whether or not that is correct, however, plaintiffs acknowledge factual issues and discovery will overlap. From that, they conclude no stay of this action is warranted, even though they concede a stay would be appropriate absent the bundling subclass. The better approach, though, is to stay the case notwithstanding the possibility that the *Wit* decision may have less direct effect on the bundling subclass. The potential import of the *Wit* decision on the viability of at least a large part of this case is too great to ignore, and there is no undue prejudice to plaintiffs from a limited stay.

Accordingly, the motion is granted, and this action is stayed pending the issuance of the mandate in *Witt.* In the event further proceedings in the Ninth Circuit become unduly protracted, plaintiffs may move to lift the stay.

**IT IS SO ORDERED**.

Dated: July 7, 2022

RICHARD SEEBORG
Chief United States District Judge