PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
7 West Figueroa Street, Suite 300
PMB # 300059
Santa Barbara, CA 93101
Tel: (310) 598-3690
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (*pro hac vice*)
Jason S. Cowart (*pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

ZUCKERMAN SPAEDER LLP
Caroline E. Reynolds (*pro hac vice*)
M Moore (*pro hac vice*)
1800 M St., NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
creynolds@zuckerman.com
mmoore@zuckerman.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BARBARA BEACH, on her own behalf and on behalf of her minor daughter and all others similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:21-cv-08612-RS<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF ADDRESSING THE RELEVANCE OF *WIT IV* TO UBH'S MOTION TO DISMISS**<br><br>Date:     February 6, 2025<br>Time:     1:30 p.m.<br>Courtroom: 3, 17th Floor<br>Judge:   Hon. Richard Seeborg |

Pursuant to the Court's Order entering the parties' proposed briefing schedule, ECF No. 77 at 3-4, Plaintiffs submit the following supplemental brief "addressing the relevance of the *Wit* Mandamus Order" to UBH's Motion to Dismiss the Amended Complaint.

In *Wit v. United Behavioral Health*, 79 F.4th 1068 (9th Cir. 2023) ("*Wit III*"), the Ninth Circuit decertified the plaintiffs' denial of benefits claim and reversed the judgment on the merits of that claim. Those rulings were all about the way the *Wit* plaintiffs had defined the classes and how that overbreadth related to the district court's merits rulings. They were decidedly *not* about Rule 8 pleading standards, the elements of ERISA claims, or how to plausibly state a claim under ERISA—as a result, they shed no light on whether the individual Plaintiffs here have pled a plausible claim for relief. The Ninth Circuit's order on UBH's mandamus petition, *United Behav. Health v. United States Dist. Ct. for N. Dist. of California*, No. 24-242, 2024 WL 4036574 (9th Cir. Sept. 4, 2024) ("*Wit IV*"), is likewise exclusively addressed to the *Wit* record on appeal and has no relevance to any other case, including this one.

## I.    **Background**

In their briefs on UBH's Motion to Dismiss, the parties present markedly different interpretations of the Ninth Circuit's rulings in *Wit III*. Plaintiffs emphasize that *Wit III* did not purport to announce any new elements ERISA plaintiffs must prove, nor did *Wit III* have anything to do with ERISA pleading standards. Pls. Opp. to Mot. to Dismiss (ECF No. 79) at 17-18; *see also id*. 9-11 (summarizing *Wit III*). As Plaintiffs explained, even if this Court applied the *Wit III* standard for reprocessing relief to Plaintiffs' claims for wrongful denial of benefits, "all that could possibly mean is that Plaintiffs must plausibly allege that UBH used the wrong standard to deny their claims and that they 'might be entitled to benefits under the proper standard.'" *Id*. at 18 (quoting *Wit III*, 79 F.4th at 1084). Nothing in *Wit III* created a new obligation for an ERISA plaintiff to allege, with particularity, facts showing that she satisfies each and every coverage prerequisite in her plan to state a claim under ERISA §§ 1132(a)(1)(B) or (a)(3)—in other words, an obligation to plead actual entitlement to benefits. *Id*. at 19-20. And nothing in *Wit III* even comes close to suggesting that ERISA plaintiffs must plead (or prove) entitlement to reprocessing, let alone actual entitlement to benefits, to state a claim for *breach of*

*fiduciary duty. Cf generally id*. 13-16. In short, neither the decertification ruling nor the merits

reversal in *Wit III* sheds any light on whether the individual Plaintiffs in this case have stated

plausible ERISA claims against UBH—but that is the central question presented by UBH's

motion.

In contrast, UBH mischaracterizes *Wit III*'s articulation of the standard for reprocessing

relief as establishing new elements of "statutory causation and prejudice" for ERISA claims,

Reply in Supp. of Mot. to Dismiss (ECF No. 80) at 7, and argues that, to meet these imagined

elements, Plaintiffs have a heightened burden to plead actual entitlement to benefits by

particularized facts—effectively a Rule 9(b) pleading standard. *See, e.g.*, Mot. to Dismiss (ECF

No. 78) at 11 (arguing, incorrectly, that a "showing of prejudice is an essential element" of

Plaintiffs' claim for arbitrary and capricious denial of benefits); *id*. at 14 (arguing that *Wit III*

held that to even state a claim, Plaintiffs have an "affirmative burden" to allege facts "to 'show'

why" they "'might be entitled to benefits under the proper standard.'") (quoting *Wit III*, 79 F.4th

at 1084).[1] There was no such ruling in *Wit III*.

UBH similarly petitioned for a writ of mandamus in *Wit* based on its contention that *Wit
III* imposed new elements of "causation" or "prejudice" under ERISA. *In re United Behavioral
Health*, No. 24-242 (9th Cir. Jan. 12, 2024), ECF No. 1 at 5, 15. Significantly, the Panel declined
to adopt UBH's overreading of its opinion in *Wit III*. Instead, the Panel granted UBH the relief it
sought (specifically, a ruling that the *Wit* plaintiffs' denial of benefits claims had not been
remanded for any further proceedings), based on an entirely different ground—unique to its view
of the *Wit* record—that has no application to any other case.

**II.    *Wit IV***

The Ninth Circuit's unpublished memorandum disposition of UBH's mandamus petition,

like *Wit III* itself, focuses on the overbreadth in the *Wit* class definitions and case-specific details

---

[1] *See also*, *e.g.*, Mot. to Dismiss (ECF No. 78) at 15 (arguing that, under *Wit III*, "a showing that
'a claim was denied based on the wrong standard' does not, by itself, establish the necessary
prejudice to sustain a claim for denial of benefits.") (quoting *Wit III*, 79 F.4th at 1084); *id*. at 16
(arguing that the "but-for analysis ERISA requires" "would raise individualized issues, rendering
class certification impossible" on Plaintiffs' claims); *id*. at 18 (arguing that under *Wit III*, "the
requirement of prejudice applies equally to Plaintiffs' claim for 'breach of fiduciary duty.'").

1  about the district court's merits rulings.

2      The Panel started by summarizing *Wit III*'s decertification ruling, emphasizing that the

3  reason the Court decertified that denial of benefits claim was that the *Wit* plaintiffs "did not limit

4  their proposed classes" in a way that showed they could demonstrate that all the class members

5  were denied a full and fair review of their claims. *Id*. *1 (citing *Wit III*, 79 F.4th at 1086, 1089).

6      On the merits, the Panel noted that in the rehearing briefing following *Wit II*, the parties

7  had "disputed whether the district court mistakenly understood that the Plans were obliged to

8  cover services simply because they were consistent with GASC," and conceded that *Wit III*

9  "clarified that. . .  viewed as a whole, the record included statements reflecting the district court's

10  recognition that the various Plans allowed claims to be excluded even if the services provided

11  were consistent with GASC." *Id*. at *2. Nevertheless, and "[d]espite the 'to the extent' qualifier"

12  it used repeatedly in *Wit III,* the Panel characterized its *Wit III* merits ruling as "definitively"

13  holding that "requiring 'coverage for all care consistent with GASC' was a misinterpretation of

14  the Plans." *Id*.  The Panel held that *Wit III* had therefore "disposed of the entire [denial of

15  benefits] claim." *Id*. For that reason, the Panel held, the district court violated the mandate when

16  it ruled that both certification and the merits of the denial of benefits claim were "subject to re-

17  litigation." *Id*.

18      With respect to the breach of fiduciary duty claim, however, the Panel noted that *Wit III*

19  expressly remanded to the district court to determine "whether the entirety of the fiduciary duty

20  claim was based on misinterpretation of the Plans' GASC precondition," or whether "some part

21  of that claim did survive." *Id*. at *2. The key reason the Panel granted mandamus, therefore, was

22  that *Wit III* expressly remanded the breach of fiduciary duty claim, but not the denial of benefits

23  claim. *Id*. at *3.

24      Far from interpreting *Wit III* as inventing new ERISA elements or any other generally-

25  applicable new legal rules, the Panel's stated reason for granting mandamus was simply that,

26  notwithstanding the conditional language it used repeatedly in *Wit III* to modify its reversal on

27  the merits of the named plaintiffs' denial of benefits claim, the Panel intended to resolve that

28  claim "definitively" and "without remand." 2024 WL 4036574, at *3. And while *Wit III* was

1    published and must be afforded precedential weight, the Panel declined to publish its

2    memorandum disposition in *Wit IV*, *id*. at *3, further supporting the conclusion that *Wit IV*

3    should not be viewed as altering or adding to *Wit III* in any way. After all, under the Ninth

4    Circuit's local rules, "[u]npublished dispositions and orders of this Court are **not precedent**,

5    except when relevant under the doctrine of law of the case or rules of claim preclusion or issue

6    preclusion." CTA9 Rule 36-3 (emphasis added).

7         The Ninth Circuit *did* publish an opinion after *Wit* that contradicts UBH's argument. *See*

8    *Ryan S. v. UnitedHealth Grp., Inc.*, 98 F.4th 965, 970 n.2 (9th Cir. 2024). In *Ryan S.*, a putative

9    class action, the Ninth Circuit rejected a defendant's effort to "overstate[] the breadth" of its

10   decision in *Wit III*, emphasizing that the problem in *Wit* was that the **classes were overbroad**. *Id*.

11   The Court then confirmed that, "[s]hould this case proceed to class certification, reprocessing

12   could still be an appropriate equitable remedy for any individuals whose claims were denied

13   *because* UnitedHealthcare applied the challenged review process."

14        In short, if *Wit IV* has any relevance to UBH's motion to dismiss in this case, it is to

15   underscore that UBH's spin on *Wit III* is completely off base. The Ninth Circuit found that, after

16   discovery, class certification, summary judgment, and a full trial, the record in *Wit* had "fallen

17   short" of demonstrating that all members of the class certified by the district court in that case

18   were entitled to reprocessing because of the way the classes were defined, necessitating

19   decertification of the denial of benefits claims and precluding individual claims for reprocessing

20   by those deemed ineligible for membership in the class. *Wit III*, 79 F.4th at 1086; *Wit IV*, 2024

21   WL 4036574 *2. But the Ninth Circuit ***did not*** hold that entitlement to reprocessing relief could

22   *never* be established on a class-wide basis, as the Court confirmed last year in *Ryan S. See* 98

23   F.4th at 970 n.2. Nor did *Wit III* establish any new requirements for pleading or proving ERISA

24   violations in general, or even wrongful denial of benefits claims in particular. *Wit III* will

25   certainly be relevant to Plaintiffs' eventual motion for class certification and the proof Plaintiffs

26   present on the merits, but it is not relevant to a motion to dismiss, on the pleadings, for failure to

27   state a plausible claim for relief. *Wit IV* does not suggest otherwise.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.     Conclusion**

      For the reasons set forth in Plaintiffs' Opposition, the Court should deny UBH's Motion to Dismiss the Amended Complaint.

Dated: January 10, 2025

                        **ZUCKERMAN SPAEDER LLP**

                        /s/ *Caroline E. Reynolds*
                        Caroline E. Reynolds (*pro hac vice*)
                        D. Brian Hufford (*pro hac vice*)
                        Jason S. Cowart (*pro hac vice*)
                        M Moore (*pro hac vice*)

                        **PSYCH-APPEAL, INC.**
                        Meiram Bendat (Cal. Bar No. 198884)

                        *Counsel for Plaintiffs and*
                        *the Putative Classes*