Jennifer S. Romano (State Bar No. 195953)
  JRomano@Crowell.com
Andrew Holmer (State Bar No. 268864)
  AHolmer@Crowell.com
Jazmine Buckley (State Bar No. 341516)
  JBuckley@Crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARBARA BEACH, on her own behalf and on behalf of her minor daughter and all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | Case No. 3:21-cv-08612-RS <br><br> **UNITED BEHAVIORAL HEALTH'S SUPPLEMENTAL BRIEF REGARDING IMPACT OF NINTH CIRCUIT MANDAMUS DECISION ON UBH'S MOTION TO DISMISS** <br><br> Hearing Date: February 6, 2025 <br> Hearing Time: 1:30 pm <br><br> Hon. Richard Seeborg |

# INTRODUCTION

There is no dispute that Plaintiffs' guideline claims in this case (Counts I and II) are based on the same theories underlying the plaintiffs' ERISA claims in *Wit v. United Behavioral Health,* Case No. 3:14-cv-02346-JCS (N.D. Cal.) (last filing Nov 27, 2024) ("*Wit*"). The plaintiffs in both cases are represented by the same attorneys, and because of overlapping legal issues, this case has been stayed twice pending decisions by the Ninth Circuit in *Wit*. Indeed, after the Ninth Circuit issued its third decision in *Wit v. United Behavioral Health,* 79 F.4th 1068 (9th Cir. 2023) ("*Wit III*"), Plaintiffs here filed an Amended Complaint based on a fundamentally flawed reading of *Wit III*. UBH's motion to dismiss the Amended Complaint is brought in part on the ground that *Wit III* precludes Plaintiffs' guidelines claims and prayer for reprocessing. For that reason, the parties' briefing on the pending motion focused on the parties' dueling interpretations of *Wit III*.

Now we have definitive guidance on what *Wit III* means and confirmation that UBH's interpretation of that decision was correct. On September 4, 2024, the Ninth Circuit issued a fourth decision in *Wit*, this time on mandamus after the district court in *Wit* adopted the *Wit* plaintiffs' (and these Plaintiffs') misguided view of *Wit III*. *United Behav. Health v. U.S. Dist. Ct. for N. Dist. of Cal.*, No. 24-242, 2024 WL 4036574, at *1 (9th Cir. Sept. 4, 2024) ("*Wit IV*").[1] The Ninth Circuit's mandamus decision debunks Plaintiffs' opposition arguments and confirms that UBH's motion to dismiss should be granted.[2]

# BACKGROUND

**A.   Plaintiffs' Arguments In Opposition To UBH's Motion To Dismiss Counts I And II Relied On Their Flawed Interpretation That *Wit III* Applied Only To Class Certification For a Reprocessing Claim.**

The briefing on UBH's motion to dismiss presented starkly different interpretations of *Wit III*. In support of its motion to dismiss Counts I and II and the claim for reprocessing, UBH argued that *Wit III* rejected *on the merits* the same "process only" or "facial" challenge brought by Plaintiffs in this case. UBH argued that under *Wit III*, to prove a guidelines challenge under

---

[1] Following the Ninth Circuit's September 4, 2024 mandamus decision, the *Wit* plaintiffs sought en banc review, which was denied on November 19, 2024. Case No. 24-242, DktEntry No. 22.
[2] Per the Court's December 12, 2024 order (ECF No. 77), citations are to the refiled copies of the Motions and supporting materials that were submitted between December 19–23, 2024.

ERISA, plaintiffs must plead and prove that they "might be entitled to benefits under the proper standard" and "application of the wrong standard could have prejudiced" them. ECF No. 78 ("Mot.") at 14. Because Plaintiffs did not plead facts to support these elements, UBH argued that it was entitled to dismissal of Counts I and II and the prayer for reprocessing. *Id.* at 14–19, 24–25.

In opposition, Plaintiffs called UBH's interpretation of *Wit III* specious. ECF No. 79 ("Opp.") at 11. Plaintiffs argued that the Ninth Circuit's discussion of whether a plaintiff can bring a process-only challenge to guidelines—and whether a plaintiff must make a showing that they "might be entitled to benefits" or "could have been prejudiced"—were limited to class certification and reprocessing only, and that *Wit* did not decide the merits. *Id.* at 10. Plaintiffs maintained that: (1) the Ninth Circuit in *Wit III* merely issued a "conditional ruling" on the merits of the plaintiffs' denial of benefits claim; (2) "[t]he Panel did not direct the district court to enter judgment in favor of either party on either claim"; and (3) the Panel did not "express a view about whether a narrower denial of benefits subclass should be certified." *Id.* at 10–11.

The Ninth Circuit has now spoken again and confirmed that UBH was right on the mark.

**B.    *Wit IV* Confirmed That Plaintiffs Must Plead And Prove That They "Might Be Entitled To Benefits Under The Proper Standard" And "Application Of The Wrong Standard Could Have Prejudiced Them."**

*Wit IV*—issued by the same panel that decided *Wit III*—resolves the parties' conflicting views of *Wit III*. The *Wit* plaintiffs contended that some (but not all) portions of UBH's Level of Care Guidelines ("LOCGs") were more restrictive than generally accepted standards of care ("GASC"), and therefore UBH's use of the LOCGs to make benefit decisions breached UBH's fiduciary duties and resulted in improper benefit denials. *Wit III*, 79 F.4th at 1078. And as Plaintiffs do here, the *Wit* plaintiffs pursued a "process claim" based on a "facial challenge" to the guidelines, arguing that they needed only to prove that the guidelines were overly restrictive in some way and that their benefit letters referenced the guidelines. *See id.* at 1080.

The Ninth Circuit has now, without any room for debate, rejected the *Wit* plaintiffs' denial of benefits claim and the theory of their case. The Court set forth the standard for proving a denial of benefits case based on allegedly flawed guidelines. First, the plaintiffs must prove that the benefit claim "was denied based on the wrong standard." *Id.* at 1084. Second, the plaintiffs must

prove that they "might be entitled to benefits under the proper standard." *Id.* Plaintiffs must not only prove that some portions of the guidelines were too restrictive, but also tie those portions to the basis for their benefit decisions. That is because "an individual plaintiff who demonstrated an error in the Guidelines would not be eligible for reprocessing without at least some showing that UBH employed an errant portion of the Guidelines that related to his or her claim." *Id.* at 1086. Put another way, the plaintiffs must prove that the "wrong standard could have prejudiced the claimant." *Id.* at 1084. Based on this standard, the Ninth Circuit held that decision letters that each referenced the LOCGs did not prove that each class member was denied a full and fair review "or that such a common showing is possible." *Id.* at 1085–86; *Wit IV* at *1. The Ninth Circuit reversed class certification as to the plaintiffs' denial of benefits claim and directed the district court to issue judgment for UBH on that claim as to the named plaintiffs.

In its mandamus decision, the Ninth Circuit expressly rejected Plaintiffs' assertion in this case that *Wit* is limited to class certification and the reprocessing remedy only. *See Wit IV*, 2024 WL 4036574 at *2. The Ninth Circuit made clear that the *Wit* plaintiffs' failure to prove that the errant portions of the LOCGs impacted their own benefit decisions meant that judgment should be issued in favor of UBH *on the merits*. *Id*. (Because "the errors in the class certification order related to the denial of benefits claim also infected the merits and remedy determinations related to that same claim," "[w]e reversed (without remand) both the district court's class certification order and merits judgment on the denial of benefits claim."). The Ninth Circuit held that the named plaintiffs failed to satisfy their burden of proof to give rise to *any* of the remedies they sought for denial of benefits. Thus, under binding Ninth Circuit law, a plaintiff seeking relief for denial of benefits for allegedly flawed guidelines must prove that the errant guideline provisions were applied in the benefit decision and the plaintiff might be entitled to benefits if the proper standard is used. A mere reference to the guidelines as a whole in a benefit letter does not suffice.

*Wit IV* confirms exactly what UBH has argued consistently. Under *Wit III,* Plaintiffs have not stated a claim under Counts I or II or a claim for reprocessing of benefits.

///

///

# ARGUMENT

**I.   *Wit IV* Confirms That Plaintiffs Fail To State Any Claim for Relief.**

Plaintiffs' opposition to UBH's motion to dismiss was based on a faulty premise—that *Wit III* relates only to class certification and does not establish what must be pled and proven on a guideline challenge under ERISA. *Wit IV* confirms Plaintiffs were wrong.

Plaintiffs' only attempt in their Complaint to address the elements of proof *Wit* requires is their broad allegation that: "The Level of Care Guidelines were the exclusive and decisive basis for each benefit denial at issue in this claim, and Plaintiffs and members of the putative Guideline Denial Class might have been entitled to benefits if UBH had applied guidelines that were consistent with the relevant plan terms." Am. Compl. ¶ 215. These conclusory allegations merely parrot the standard and are insufficient. *See Ashcroft v. Iqbal*, 556 US. 662, 678 (2009). Plaintiffs do not allege what portion of the guidelines were the "decisive basis" for the decisions, even though there are dozens of provisions in the guidelines. Plaintiffs do not allege whether the provisions that were applied to their specific benefit decisions were flawed, or plead facts about how they were flawed. And, Plaintiffs do not allege why they might have been entitled to benefits if UBH had applied the guidelines Plaintiffs propose. Notably, Plaintiffs identify the guidelines they contend UBH should have used in making benefit decisions (which UBH currently does use), (Am. Compl. ¶¶ 40, 56–57), but Plaintiffs do not allege facts setting forth how they "might be entitled to benefits under" those preferred guidelines. *See Wit III*, 79 F.4th at 1084.

Rather, Plaintiffs' pleading shows that their guideline claim in Count II is based on the exact same "process" claim that the Ninth Circuit rejected—twice—in *Wit.* They allege that some provisions in the guidelines were overly restrictive, Am. Compl. ¶¶ 53–54, and they allege that the guidelines were referenced in benefit decision letters. *See, e.g.*, *id.* ¶ 120. But *Wit III* and *IV* hold that is insufficient to support a claim. In *Wit*, just as Plaintiffs allege in this case, the trial court found no basis for the named plaintiffs' denials other than the challenged guidelines. *See, e.g. Wit*, 2019 WL 1033730, at *2 (*Wit* trial court finding that UBH denied residential treatment for *Wit* plaintiff Pfeifer based on 2013 LOCGs, and noting no other basis for denial). Yet even for those named plaintiffs whose decision letters cite *only* a UBH guideline, *Wit IV* confirms such

evidence is insufficient to prove a claim. *Wit IV*, 2024 WL 4036574 at *2. The same is true here. It is not enough to allege that UBH's guidelines *generally* were the basis for Plaintiffs' benefit decisions, even if they were the *sole* basis. Plaintiffs must identify the "errant portion of the Guidelines that related to his or her claim," *Wit III*, 79 F.4th at 1086, and must demonstrate that they "could have [been] prejudiced" by the use of that specific "errant portion" by showing that they "might be entitled to benefits under the proper standard." *Id*. at 1084. Plaintiffs made no attempt to do so. Count II for denial of benefits must be dismissed.

Plaintiffs bring Count I for breach of fiduciary duty to remedy the same denial of benefits, and it must be dismissed for the same reason.[3] Plaintiffs' bundled denial claims (Counts III and IV) also fail for similar reasons. As ***Wit IV*** confirms, *Wit III*'s holding that a plaintiff must show that they might have been entitled to benefits is not limited to class certification; it is an element of an ERISA claim *on the merits*. Plaintiffs fail to allege that necessary element of harm and prejudice. Mot. at 21–22. Counts I, III, and IV should be dismissed as well.

## II.  Plaintiffs Do Not Dispute That *Wit* Precludes Their Prayer For Reprocessing.

Plaintiffs' only argument to oppose dismissal of their prayer for reprocessing is that Rule 12 does not permit dismissal of a claim for relief on the pleadings. Opp. at 24–25. As addressed in UBH's reply, Plaintiffs' procedural argument is baseless. ECF No. 80 at 12–13. Further, on the merits, Plaintiffs have no response because Ninth Circuit precedent could not be more on point. Under *Wit*, a plaintiff cannot obtain reprocessing based on a process-only challenge. *See Wit III*, 79 F.4th at 1084 ("We have never held that a plaintiff is entitled to reprocessing without a showing that application of the wrong standard could have prejudiced the claimant."). Plaintiffs' prayer for reprocessing of benefits must be stricken, or in the alternative, dismissed.

## CONCLUSION

For the reasons stated in UBH's Motion, and further supported by the Ninth Circuit's clarification in *Wit IV*, the Court should dismiss Plaintiffs' Amended Complaint.

---

[3] *Wit III* and *Wit IV* also hold that the plans do not require either (1) coverage for all services that are consistent with GASC, *Wit III*, 79 F.4th at 1088; *Wit IV*, 2024 WL 4036574 at *2, or (2) that the guidelines solely conform with GASC. Plaintiffs cannot base a claim for breach of fiduciary duty on a duty that is not required under the plan. This is an independent ground to dismiss Count II.

Dated: January 10, 2025

**CROWELL & MORING LLP**

*/s/ Jennifer S. Romano*
Jennifer S. Romano
Andrew Holmer
Jazmine Buckley

*Counsel for Defendant United Behavioral Health*